UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY C. PLATT and SONIA E. PLATT,  )<br>    *Appellants*,  )<br>  )<br>    *vs.*  )<br>  )<br>CITIMORTGAGE, INC.,  )<br>    *Appellee.*  ) | 1:15-cv-01762-JMS-MJD |

## ENTRY ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

On October 23, 2015, the United States Bankruptcy Court for the Southern District of Indiana granted relief from stay and abandonment to Appellee, CitiMortgage Inc. ("CitiMortgage") pursuant to 11 U.S.C. § 362(d)(1). [Filing No. 1-1.] Appellants Timothy Platt and Sonia Platt, acting *pro se*, filed a Notice of Appeal on November 9, 2015 seeking review of the Bankruptcy Court's Order. [Filing No. 1.] Presently pending before the Court is CitiMortgage's Motion to Dismiss the Platts' appeal as untimely. [Filing No. 5.]

**I.**
**BACKGROUND**

On September 22, 2015, the Platts initiated a proceeding in the United States Bankruptcy Court for the Southern District of Indiana by voluntarily filing a petition for relief under Chapter 7 of the United States Bankruptcy Code. [Filing No. 6 at 1; *see also In re Platt*, 15-08027-RLM-7 (U.S. Bankr. Ct. S.D. Ind.) ("*In re Platt*") at Filing No. 1.] CitiMortgage holds a perfected security interest in real property located at 2757 Dietz Street, Indianapolis, Indiana, and owned by the Platts. [Filing No. 6 at 1; *see also* Filing No. 1 at 11 in *In re Platt*.] On October 8, 2015, CitiMortgage moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 554. [Filing No. 6 at 1; *see also* Filing No. 17 in *In re Platt*.] On October 23, 2015, Judge Robyn L. Moberly of the United States Bankruptcy Court for the Southern District of

Indiana granted relief from the stay under § 362(d), determining that CitiMortgage's interest in the real property was not adequately protected. [Filing No. 1-1.] The Platts filed their Notice of Appeal on November 9, 2015. [Filing No. 1.] The Platts did not request an extension of the time to file a notice of appeal.

## II.
### APPLICABLE STANDARD OF REVIEW

An appeal to a district court from a judgment, order, or decree of a bankruptcy judge must be timely filed within the boundaries set forth under Federal Rule of Bankruptcy Procedure 8002, which provides that a notice of appeal "must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Bankr. Rule 8002(a)(1). Failure to comply with the timing requirements of Rule 8002 deprives the district court of jurisdiction over the appeal. *In re Monahan,* 3 F.App'x 558, 559 (7th Cir. 2001); *In re Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) ("[T]he notice of appeal to the district court was jurisdictionally late. All of the bankruptcy judge's orders were outside the district judge's power of review….").

Federal Rule of Bankruptcy Procedure 9006(a) provides the method for computing time, and dictates as follows:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Bankr. Rule 9006(a)(1).

Several opportunities for extension are available under Rule 8002. However, relevant to this matter, section (d)(2) states that the Bankruptcy Court "may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from: (A) grants relief from an automatic stay under § 362 . . . of the Code." Bankr. Rule 8002(d)(2)(A).

### III.
#### DISCUSSION

In its Motion to Dismiss, CitiMortage argues that the Platts' deadline for filing their Notice of Appeal was fourteen days after the Bankruptcy Court entered the October 23, 2015 Order, which would be a deadline of November 6, 2015. [Filing No. 6 at 2.] CitiMortgage argues that the Platts' failure to timely file the Notice of Appeal divests this Court of jurisdiction to hear the appeal. [Filing No. 6 at 2.]

In response, the Platts contend that this Court must "adopt the standards of the local host state" and that "[i]t is an Indiana standard to allow three additional days to respond when an order is served via U.S. Mail." [Filing No. 9 at 1.] The Platts also argue that counsel for CitiMortgage "committed perjury by declaring that [the Platts] were served a copy of the Motion for Relief." [Filing No. 9 at 1.] They argue that counsel for CitiMortgage "intentionally withheld serving the motion" and that counsel "has a reputation of failing to serve process and providing false information." [Filing No. 9 at 1.]

On reply, CitiMortgage argues that the Federal Rules of Bankruptcy Procedure apply to the filing of the Platts' Notice of Appeal, and not Indiana law. [Filing No. 10 at 1.] CitiMortgage also argues that the Platts' allegations of deception are unsupported by the record and immaterial to the Motion to Dismiss. [Filing No. 10 at 2.]

### A. Applicable Procedural Rule

This matter involves an appeal from the United States Bankruptcy Court, which is governed by the Federal Rules of Bankruptcy Procedure, and not by Indiana law, as the Platts contend. Rule 8002 makes it clear that any notice of appeal must be filed within fourteen days after the entry of the judgement, order, or decree being appealed. Bankr. R. 8002(a)(1).

The Court's calculation of the Platts' deadline to file a Notice of Appeal related to the Bankruptcy Court's October 23, 2015 Order is in alignment with CitiMortgage's calculation. Rule 9006(a)(1) directs the Court to exclude the day the judgment was entered and count fourteen days thereafter, including weekends. Counting fourteen days thereafter, including weekends, results in a deadline for filing a Notice of Appeal related to that Order of Friday, November 6, 2015. The Platts dated and filed the Notice of Appeal on November 9, 2015. [Filing No. 1 at 1.] November 6, 2015 was neither a weekend nor a legal holiday, therefore this Court finds the Notice of Appeal was submitted three days late. The Platts' failure to submit a timely notice of appeal deprives this Court of jurisdiction to hear the appeal. *In re Monahan,* 3 F.App'x at 559; *In re Maurice*, 69 F.3d at 832.

### B. Service of Process Argument

The Platts also argue that CitiMortgage's counsel falsely stated that they were served with the Motion for Relief, that counsel intentionally withheld service of the Motion, and that counsel has a reputation for failing to serve process and for providing false information. [Filing No. 9 at 1.] But the Platts' statements regarding a lack of service are unsworn, and they do not present any evidence that service of the Motion for Relief was improper or that CitiMortgage's counsel engaged in any improper behavior.

Additionally, the docket from the Bankruptcy Court reflects otherwise.  Specifically, the Motion for Relief contains a Certificate of Service indicating that the Platts and their Trustee were served with the Motion via United States Mail on October 8, 2015.  [Filing No. 17 at 3 in *In re Platt*.]  The Motion stated that any objection had to be filed within 14 days, [Filing No. 17 at 2 in *In re Platt*], and the Bankruptcy Court docket reflects that the Platts did not file an objection within that time period.  The Bankruptcy Court granted the Motion for Relief the day after the 14-day period had expired.  [Filing No. 19 in *In re Platt*.]  Significantly, the Platts then acknowledge in their Notice of Appeal that the Bankruptcy Court's final order was issued on October 23, 2015.  [Filing No. 1.]  The Court finds no evidence or argument presented by the Platts, or supported by the Bankruptcy Court docket, to conclude that the untimeliness of the Platts' appeal was based on improper service of the Motion for Relief.

### IV. CONCLUSION

Because the Platts did not timely file their Notice of Appeal, this Court lacks jurisdiction over this matter.  Accordingly, CitiMortgage's Motion to Dismiss, [Filing No. 5], is **GRANTED**.

Date:  February 2, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to**:

Timothy C. Platt
2757 Dietz St.
Indianapolis, IN 46203

Sonia E. Platt
2757 Dietz St.
Indianapolis, IN 46203